**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL J-ALEXANDER SPENCER,

        Petitioner,                         Case Number: 2:07-CV-14809

v.                                       HONORABLE GERALD E. ROSEN

THOMAS BELL,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Daniel J-Alexander Spencer has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Carson City Correctional Facility in Carson, City, Michigan, challenges his conviction for first-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

### I. Background

Petitioner pleaded guilty in Shiawassee County Circuit Court to first-degree criminal sexual conduct, in connection with the sexual assault of his 14-year-old step-granddaughter. In exchange for the plea, additional charges of first- and second-degree criminal sexual conduct were dismissed. On February 9, 2007, he was sentenced to 12-1/2 to 25 years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> Defendant is entitled to resentencing when the statutory sentencing guidelines were misscored as to the offense variables, which affected the sentencing guideline range.

The Michigan Court of Appeals denied leave to appeal. *People v. Spencer*, No. 277759 (Mich. Ct. App. June 1, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Spencer*, No. 134381 (Mich. Sept. 10, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. Fifteen points was given to offense variable 10 when there was no predatory conduct in this case.
>
> II. Was scored in offense variable 11 within offense 12 based upon a police report.
>
> III. Offense variable 13 was scored fifty points, which should not have been considered since defendant never admitted to being involved with three or more persons.

## II. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### III. Discussion

Petitioner claims he is entitled to habeas corpus relief because several offense variables were mis-scored and because the trial court increased his sentence in reliance upon facts not determined by the jury or admitted by Petitioner in violation of the Sixth Amendment and Fourteenth Amendment.

Petitioner's challenges to the scoring of offense variables under state law do not warrant habeas corpus relief. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See also, Thomas v. Foltz,* 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not

3

cognizable on habeas review); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court increased his sentence based upon facts not determined by the jury or admitted by Petitioner in violation of the Sixth Amendment and Fourteenth Amendment. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Michigan has an indeterminate sentencing system for most crimes, including that for which Petitioner was sentenced. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also People v. Drohan*, 475 Mich. 140, 160-61 (2006). In *Blakely*, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40

4

> years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crime, which is life imprisonment. *See* Mich. Comp. Laws § 750.520b. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."). *Minner v. Vasbinder*, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Habeas relief, therefore, is denied.

### IV. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the

5

best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                     s/Gerald E. Rosen
                                     United States District Judge

Dated: July 17, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 17, 2008, by electronic and/or ordinary mail.

                                         s/LaShawn R. Saulsberry
                                         Case Manager